UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| C.R. PEELE CONSTRUCTION CO., INC., | ) | Case No. 10-05232-8-RDD |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| C.R. PEELE CONSTRUCTION CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | AP No. 12-00138-8-RDD |
| DTC ENGINEERS & CONSTRUCTORS, LLC and THE HANOVER INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendants DTC Engineers & Constructors, LLC ("DTC") and The Hanover Insurance Company ("Hanover") (DTC and Hanover are collectively, the "Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint filed by C.R. Peele Construction Co., Inc. (the "Debtor").

**Nature of the Case**

The Debtor, a first-tier subcontractor on a federal construction project, alleges (a) state law breach of contract and quantum meruit actions against DTC, and (b) a federal breach of payment bond under 40 U.S.C. § 3131 *et seq.* (the "Miller Act") against Hanover.

**Facts**

The Debtor filed for relief for Chapter 11 of the United States Bankruptcy Code on June 30, 2010. <u>Complaint</u> at ¶ 1. The Debtor acts principally as a contractor or subcontractor on

construction projects.  Id. at ¶ 5.  The Debtor filed the following documents in its main bankruptcy case related to its proposed plans of reorganization:

- Disclosure Statement [Docket Entry #7];
- Plan of Reorganization [Docket Entry #74]
- Amended Plan of Reorganization [Docket Entry #240];
- Amended Disclosure Statement [Docket Entry #241];
- Second Amended Plan of Reorganization [Docket Entry #317] (the "Plan"); and
- Second Amended Disclosure Statement [Docket Entry #318] (the "Disclosure Statement").

On April 18, 2012, this Court entered an Order Confirming Plan [Docket Entry # 368].

**Legal Standard**

A complaint must be dismissed for lack of subject matter jurisdiction if, assuming all factual allegations of the complaint are true, the plaintiff cannot sustain his burden of showing that subject matter jurisdiction exists.  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

**Argument**

The Complaint should be dismissed with prejudice because this Court lacks subject matter jurisdiction regarding the claims alleged therein.

The statutory provision governing jurisdiction in bankruptcy cases – 28 U.S.C. § 1334 – provides that bankruptcy jurisdiction extends to three types of matters: (1) proceedings "arising under" title 11; (2) proceedings "arising in" a case under title 11; and (3) proceedings "related to" a case under title 11.  A proceeding "arises under" title 11 if it invokes a substantive right created by the Bankruptcy Code.  Freeden v. Touhey et al. (In re Newell), 424 B.R. 730, 733 (Bankr. E.D.N.C. 2010).  A proceeding "arises in" title 11 if it is "not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy."  Bergstrom v. Dalkon Shield (In re A.H. Robins Co.), 86 F.3d 364, 372 (4th Cir. 1996).  It is clear that the first two jurisdictional bases do not apply in this case.  This adversary proceeding does not arise under title 11 because it invokes no rights created by the Bankruptcy

2

Code and instead alleges state law claims (breach of contract and quantum meruit against DTC) and non-bankruptcy federal claims (Miller Act violation against Hanover). This adversary proceeding does not "arise in" title 11 for at least two reasons. First, the Debtors' claims do have existence outside of bankruptcy – in state court or federal district court. Second, the Complaint plainly establishes that Debtor's claims pre-date the filing of the its Chapter 11 case. See Valley Historic Ltd. Partnership v. Bank of New York, 486 F.3d. 831, 836 (4th Cir. 2007) (a claim that pre-dates the filing of a Chapter 11 case cannot be said to "arise in" title 11).

Therefore, this Court has subject matter jurisdiction over this adversary proceeding only if it is "related to" the Debtor's bankruptcy case.[1] In the pre-confirmation context, the test for determining whether "related to" jurisdiction exists is relatively expansive – "whether the outcome of [a] proceeding could conceivably have any effect on the estate being administered in the bankruptcy." Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.), 124 F.3d 619, 625 (4th Cir. 1997). However, it is clear that a bankruptcy court's jurisdiction narrows after plan confirmation. Goodman v. Phillip R. Curtis Enters., Inc., 809 F.2d 228, 232 (4th Cir. 1987). In Valley Historic Ltd. Partnership v. Bank of New York, 486 F.3d. 831 (4th Cir. 2007), the Fourth Circuit held that for "related to" jurisdiction to exist at the post-confirmation stage, "the claim must affect an integral aspect of the bankruptcy process – there must be a close nexus to the bankruptcy plan or proceeding." Id. at 835. "Matters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus." Id. at 836-837 (citations omitted).

This adversary proceeding is not "related to" the Debtor's bankruptcy case because the requisite "close nexus" does not exist. The adversary proceeding clearly does not affect the

---

[1] The Complaint does not allege any subject matter jurisdictional grounds other than the "related to" jurisdiction. Complaint at ¶1.

PPAB 2003933v1

interpretation of the Plan. The adversary proceeding also does not affect the implementation, consummation, execution or administration of the Plan. None of the pleadings filed in the Debtor's bankruptcy case (specifically including any plan-related or disclosure statement-related documents) reference the existence of the claims. This begs the question: how can the Debtor now claim that these claims are necessary for the consummation, execution or administration of the Plan when they were never included in any part of its bankruptcy case through and after Plan confirmation. In Valley Historic, the Court held that the "close nexus" was lacking because the debtor's obligation under the plan were to be satisfied entirely from the debtor's post-petition rents and earnings; the plan made no provision for the use of any recovery from the adversary proceeding. Id. at 837. That precisely mirrors the facts of this case. Neither the Plan, its prior two versions (the Plan of Reorganization and Amended Plan of Reorganization), nor any of the associated Disclosure Statements make any reference to either the existence of the Debtor's claims or the use of any recovery from these claims. The Plan is identical to that in Valley Historic in that it also contemplates satisfaction of the Debtor's obligations through post-petition earnings, collateral surrender and/or liquidation, and any §547 or 548 actions the Debtor may pursue.

Other courts have found the failure to specifically list a cause of action in the plan or disclosure statement as weighing heavily against the finding of a "close nexus". For example, in Shandler v. DLJ Merch. Banking (In re Insilco Techs. Inc.), 330 B.R. 512, 524-25 (Bankr. D.Del. 2005), the court stated:

> However, neither the Plan nor Disclosure statement specifically identifies the claims against the defendants as an asset to be liquidated and distributed to creditors. The general language of the Plan and Disclosure Statement concerning post-confirmation litigation does not provide any notice to creditors (or to the Court, for that matter) as to importance of this or any particular litigation. If the litigation is truly so critical to the Plan's implementation, it would have been more

4

> specifically described in the Disclosure Statement and Plan so that creditors could have considered its effect when deciding whether to vote in favor of the Plan.

Id. at 525. A different judge of the same court has even held that a plan must specifically describe a claim if "related to" jurisdiction is to exist over that claim post-confirmation. BWI Liquidating Corp. et al. v. Rialto, 437 B.R. 160, 166 (Bankr. D.Del. 2010) ("The Court . . . concludes that a Plan must specifically describe a cause of action in order to retain "related to" jurisdiction."). These cases uniformly demonstrate that the Plan's glaring omission of the alleged claims in this adversary proceeding renders these claims are unnecessary to the Plan's implementation, consummation, execution or administration.

## Argument

For these reasons, the Defendants respectfully request that this Court dismiss this action for lack of subject matter jurisdiction.

This the 3rd day of November, 2012.

    /s/ J. Caleb Thomas
Brian D. Darer
N.C. State Bar No. 25383
J. Caleb Thomas
N.C. State Bar No. 37093
PARKER POE ADAMS & BERNSTEIN LLP
150 Fayetteville Street, Suite 1400
Raleigh, North Carolina  27602-0389
Tel:  (919) 828-0564 / Fax:   (919) 834-4564
*Attorneys for Defendants*

5

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following:

> George M. Oliver
> Jonathan E. Friesen
> Oliver Friesen Clark, PLLC
> PO Box 1548
> New Bern, NC  28563
> efile@ofc-law.com
> jef@ofc-law.com

This the 3rd day of November, 2012.

> /s/ J. Caleb Thomas
> J. Caleb Thomas
> PARKER POE ADAMS & BERNSTEIN LLP
> Post Office Box 389
> Raleigh, North Carolina  27602-0389

PPAB 2003933v1